KAREN L. LOEFFLER
United States Attorney

YVONNE LAMOUREUX
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: yvonne.lamoureux@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:14-CR-00005-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| JOANN POLSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

The defendant agrees to plead guilty to the Information filed in this case which charges lesser included misdemeanor offenses under the statutes charged in Counts 1 and 2 of the Indictment. The United States agrees not to prosecute the defendant further based upon facts now known for any other offense related to the events that resulted in the charges contained in the Indictment as detailed below.

The United States agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), to recommend that the defendant be sentenced to a three-year term of probation, with special conditions that (1) the defendant be required to notify employers, business associates, and all organizations where there is a possibility of access to bank accounts of the defendant's criminal record and be required to permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements, and (2) the defendant agrees to cooperate with representatives of the Healy Lake Tribe by providing truthful answers to any questions concerning the whereabouts or disposition of tribal funds, including but not limited to the location of assets, records, and finances of

the Healy Lake Tribe, between the period from May 22, 2009, to May 2014. Such questions should first be submitted to the Assistant United States Attorney and counsel for the defendant. After a determination that the question is being submitted in good faith, the question should then be provided to the defendant through the U.S. Probation Office. If there is a dispute between counsel regarding the finding of good faith in a proposed question that is unable to be resolved, such question shall be posed to the Court to ascertain the validity of such question prior to the submission to the defendant through the U.S. Probation office.

The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement.

//

Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

### C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

The defendant agrees to plead guilty to the misdemeanor offenses charged in the Information in this case, provisions that are the lesser included offenses of the respective counts of the Indictment:

Count 1: Conversion of Government Funds, a violation of 18 U.S.C. § 641; and

Count 2: Conversion of Money and Funds from an Indian Tribal Organization, a violation of 18 U.S.C. § 1163.

### B. Elements

The elements of the charges to which the defendant is pleading guilty are as follows:

//

**Count 1**: Conversion of Government Funds

1. The defendant knowingly converted to her own use money with the intention of depriving the owner of the use or benefit of the money; and

2. The money belonged to the United States or any department or agency thereof.

**Count 2**: Conversion of Money and Funds from an Indian Tribal Organization

1. The defendant converted to her own use, or willfully misapplied money; and

2. The money belonged to an Indian Tribal Organization.

### C. Factual Basis

The defendant admits the truth of the allegations in Counts 1 and 2 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

Beginning on or about June 29, 2009 and continuing through on or about January 24, 2012, the defendant, Joann Polston, knowingly converted to her own use money with the intent of depriving the owner of the use and benefit of the money belonging to the Bureau of Indian Affairs (BIA), specifically, she submitted and received per diem payments from the BIA in

the amount of $4,577.61 to which she was not entitled because she had previously received per diem payments from the Healy Lake Tribe's bank accounts for the same trips.

Since approximately 2006 through at least May 2014, Polston was the First Chief of the Healy Lake Tribe (Healy Lake), also known as the Mendas Cha-ag Tribe, a federally recognized Indian tribal organization. Between at least 2009 and at least 2012, Polston was also Healy Lake's Tribal Administrator.

Between at least on or about August 29, 2009 and continuing through on or about May 11, 2012, Polston knowingly converted to her own use and willfully misapplied money with the intent of depriving the owner of the use and benefit of the money belonging to Healy Lake, specifically, she wrote herself checks and transferred money from Healy Lake's bank accounts to her personal bank account in the amount of at least $10,914.20. Between May 22, 2009 and June 7, 2013, Polston also paid herself $91,946.00 without backup documentation, separate from her salary payments or other authorized payments.

Polston knowingly converted and/or willfully misapplied funds for her personal use from Healy Lake by writing checks to herself from Healy Lake's accounts without a signature from any other member of the

Traditional Council and directly transferred money to her personal bank account from Healy Lake's accounts. For many of those transactions, there are no receipts or paperwork indicating that there was a legitimate purpose for the payments to Polston.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows:

Count 1: Conversion of Government Funds

    1) a maximum 1 years' imprisonment;

    2) a maximum 5 years' probation;

    3) a maximum $100,000 fine;

    4) a $25 mandatory special assessment; and

    5) one year supervised release.

Count 2: Conversion of Money and Funds from Indian Tribal Organization

    1) a maximum 1 years' imprisonment;

    2) a maximum 5 years' probation;

    3) a maximum $100,000 fine;

    4) a $25 mandatory special assessment; and

  5) one year supervised release.

 **2.** **Other Matters Affecting Sentence**

  *a)* *Conditions affecting the defendant's sentence*

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

  *b)* *Payment of Special Assessment*

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

//

### E. Restitution

The defendant agrees to pay restitution in the amount of $4,577.61 to the Bureau of Indian Affairs. The defendant also agrees to pay restitution in the total amount of $102,860.20 to the Healy Lake Tribe, which represents $10,914.20 which was knowingly converted to her own use and willfully misapplied and $91,946.00 which was paid to her without backup documentation. The defendant acknowledges and agrees that this restitution amount is beyond the counts of conviction in this case, waiving any rights she may have under *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990).

### F. Ultimate Sentence

The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to

the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

#### 2. Loss Amount

The parties agree that the loss amount is $4,577.61 on Count 1 and $10,914.20 on Count 2, for a total of $15,491.81.

//

## C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report, in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The United States agrees to recommend that the defendant be sentenced to a three-year term of probation, with special conditions that (1) the defendant be required to notify employers, business associates, and all organizations where there is a possibility of access to bank accounts of the defendant's criminal record and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements, and (2) the defendant agrees to cooperate with representatives of the Healy Lake Tribe by providing truthful answers to any questions concerning the whereabouts or disposition of tribal funds, including but not limited to the location of assets, records, and finances of the Healy Lake Tribe, between the period from May 22, 2009, to May 2014. Such questions should first be submitted to the Assistant United States Attorney and counsel for the defendant. After a

determination that the question is being submitted in good faith, the question should then be provided to the defendant through the U.S. Probation Office. If there is a dispute between counsel regarding the finding of good faith in a proposed question that is unable to be resolved, such question shall be posed to the Court to ascertain the validity of such question prior to the submission to the defendant through the U.S. Probation office. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;
- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any

- interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

### B. Appellate Rights

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

### D. Rule 410

The defendant agrees that by signing this agreement she is admitting to the facts in the Factual Basis portion of this agreement set forth in Section II C. She further agrees that if she withdraws her guilty pleas prior to sentencing, or at any time after the Court accepts the pleas, she agrees the facts that she admits in the Factual Basis portion of this agreement shall be admitted as stipulations in any trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11.

## V. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence or conviction is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the

investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, JOANN POLSTON, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty pleas.

//

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of

//

this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

//

Based on my complete understanding of this plea agreement, I therefore wish to enter pleas of guilty to the misdemeanor provisions charged in the Information in this case, provisions that are the lesser included offenses of the respective counts of the Indictment.

DATED: 9/4/15          _____
                       JOANN POLSTON
                       Defendant

As counsel for the defendant, I have discussed all plea offers and the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED: 9/4/15          _____
                       M.J. HADEN
                       Attorney for JOANN POLSTON

//

//

//

//

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 9/9/2015

*Yvonne Lamoureux*
YVONNE LAMOUREUX
United States of America
Assistant U.S. Attorney

DATED: 9/9/15

for KAREN L. LOEFFLER
United States of America
United States Attorney

U.S. v. JOANN POLSTON
4:14-cr-0005-RRB

Page 20 of 20